IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN KRIVI, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 10-570-GPM |
| vs. ) | |
| ) | CRIMINAL NO. 07-30143-GPM |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. Petitioner also filed a motion for appointment of counsel (Doc. 2).

Petitioner pleaded guilty, without the benefit of a written plea agreement, to controlled substance offenses – specifically, conspiracy to distribute 1000 kilograms or more of marijuana, 5 kilograms or more of cocaine, and 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846; possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On July 28, 2009, Petitioner was sentenced to a total of 262 months of imprisonment, with 5 years of supervised release.

In his § 2255 motion, Petitioner claims that the Court improperly allowed him to withdraw an earlier plea agreement; that the Court erred in "allowing the Prosecution to approach him at trial;" that his sentencing counsel provided him ineffective assistance; and that he was not "given an

opportunity to defend/represent himself properly."

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

The Court turns now to Petitioner's request for appointment of counsel. A § 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Powell v. Davis*, 415 F.3d 722. 727 (7th Cir. 2005); *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998); *Oliver v. United States*, 961 F.2d 1339 (7th Cir. 1992); *Rauter v. United States*, 871 F.2d 693 (7th Cir. 1989). Rule 8(c) of the Rules Governing Section 2255 Proceedings, however, allows for appointment of counsel for indigent prisoners if an evidentiary hearing is required. *See* FED. R. GOV. § 2255 Cases 8(c). Additionally, if the interests of justice require, the Court may appoint counsel for "any financially eligible person" who seeks relief under § 2255. *See* 18 U.S.C. § 3006A(a)(2)(B). Petitioner has not established that he is financially eligible to have counsel appointed for him under § 3006A(a)(2)(B). Additionally, at this early stage of the proceedings, the Court has not yet determined whether an evidentiary hearing is warranted. Accordingly, the motion for appointment of counsel (Doc. 2) is **DENIED** without prejudice

**IT IS SO ORDERED.**

DATED: 08/31/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge