IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN KRIVI, )<br>)<br>Petitioner/Defendant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent/Plaintiff. ) | CIVIL NO. 10-570-GPM<br><br>CRIMINAL NO. 07-30143-GPM |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner Justin Krivi's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence based on numerous claims. On August 23, 2012, the Court denied all of Mr. Krivi's claims except for his claim post-sentencing ineffective assistance of counsel and failure to file a notice of appeal (Doc. 15).[1] On March 11, 2013, the Court conducted an evidentiary hearing in order to resolve this remaining claim. For the reasons set forth below, Mr. Krivi's claim of post-sentencing ineffective assistance of counsel and failure to file a notice of appeal is **DENIED**.

## BACKGROUND

The Court previously provided extensive background information on this case in the Memorandum and Order dated August 23, 2012 (Doc. 15). Nevertheless, the Court will repeat

---

[1] In his § 2255 petition, Mr. Krivi made the following claims which were denied by the Court on August 23, 2012: that his February 9, 2009 withdrawal of plea and waiver of counsel was made unintelligently and involuntarily; that the Court abused its discretion in allowing the prosecution to approach him at trial; that he had ineffective assistance of counsel; and that he was not given an opportunity to defend or represent himself properly.

the background facts that are pertinent to the issue of Mr. Krivi's claim of post-sentencing ineffective assistance of counsel and failure to file a notice of appeal.

On August 18, 2008, while represented by Attorney Eugene Howard, Mr. Krivi entered into a written plea agreement and pleaded guilty before Magistrate Judge Clifford J. Proud to the charges contained in the indictment against him. *United States v. Krivi*, S.D. Ill. Criminal Case No. 07-30143-GPM (Docs. 51, 75). Subsequently, Mr. Krivi requested the Court to allow him to withdraw his guilty plea. *Id.* at Doc. 86. The Court held a hearing and granted Mr. Krivi's request to withdraw his guilty plea on February 9, 2009. At this hearing, the Court determined that Mr. Krivi desired to represent himself at trial and was capable of doing so. *Id.* at Doc. 197. The Court appointed Attorney Ethan Skaggs as standby counsel to assist Mr. Krivi during his trial. *Id.* at Doc. 98.

The jury trial began on May 12, 2009. As per his request, Mr. Krivi represented himself with Mr. Skaggs appearing as standby counsel. On the second day of trial, however, Mr. Krivi requested to change his plea to guilty and the Court then proceeded to conduct a Change of Plea hearing. *Id.* at Doc. 195. While under oath, Mr. Krivi pled guilty to three of the four charges of the indictment, and agreed to forfeit all property used in any way to commit or facilitate the commission of the offenses. *Id.* at Doc. 195. In exchange for the Government agreeing to dismiss the fourth charge of the indictment, Mr. Krivi waived his right to appeal his sentence, and his right to collaterally attack his sentence. *Id.* at Doc. 195.

The Court accepted Mr. Krivi's limited but open plea agreement, finding it was a knowing and voluntary plea. *Id.* at Doc. 195. Mr. Krivi requested that Mr. Skaggs represent him at sentencing, so the Court appointed Mr. Skaggs as Mr. Krivi's sentencing counsel. *Id.* at Doc. 195. The guideline sentencing range for Mr. Krivi was a minimum of ten years to life in prison.

*Id.* at Doc. 195. Mr. Krivi was sentenced on July 27, 2009 to 262 months in the Bureau of Prisons, well below the maximum possible sentence. *Id.* at Doc. 193.

On August 2, 2010, Mr. Krivi filed his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Doc. 1). In his petition, Mr. Krivi claimed that: his February 9, 2009 withdrawal of plea and waiver of counsel was made unintelligently and involuntarily; the Court abused its discretion in allowing the prosecution to approach him at trial; he had ineffective assistance of counsel; he was misadvised by his sentencing counsel as to his right to appeal; and that he was not given an opportunity to defend or represent himself properly (Doc. 1). In ruling on the § 2255 motion, the Court found that Mr. Krivi knowingly and voluntarily waived his right to collaterally appeal his sentence under any Title 28 motions, and therefore the claims he brought in his § 2255 motion were barred (Doc. 15). Even though Mr. Krivi's claims were barred, the Court went on to address the merits of each claim (Doc. 15). The Court denied each claim as implausible, meritless, and/or unsupported by the facts with the exception of Mr. Krivi's claim for ineffective assistance of post-sentencing counsel (Doc. 15). Although an evidentiary hearing was not mandatory, on March 11, 2013, the Court held an evidentiary hearing on the issue of ineffective assistance of post-sentencing counsel to determine the facts of this allegation and the possible relief available to Mr. Krivi.

## ANALYSIS

In seeking to prove that his counsel rendered ineffective assistance, the defendant bears a heavy burden. *Harris v. Reed*, 894 F.2d 871, 874 (7th Cir. 1990). To establish ineffective assistance of counsel, a prisoner must show "his attorney's performance was objectively deficient—in other words, that it fell outside the wide range of competent representation—and that he was prejudiced by the subpar representation." *United States v. Jones*, 635 F.3d 909, 915

(7th Cir. 2011), *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the Court finds *either* the performance *or* the prejudice component of the ineffective assistance claim deficient, then there is no need to consider the sufficiency of the other component. *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

Mr. Krivi alleges he was misadvised by Mr. Skaggs as to his right to appeal his sentence (Doc. 1). Mr. Krivi explains that after the sentencing, Mr. Skaggs advised Mr. Krivi that he believed Mr. Krivi had waived his rights to appeal and that Mr. Krivi should file a § 2255 petition upon his arrival in prison (Doc. 41). Mr. Krivi states he then became time-barred from filing an appeal due to this advice (Doc. 1). However, Mr. Krivi's claim that he received ineffective assistance of post-sentencing counsel because Mr. Skaggs did not file a notice of appeal must fail for two reasons.[2]

First, there is no credible evidence that Mr. Krivi actually instructed Mr. Skaggs to file a notice of appeal. After his sentencing, Mr. Krivi asked Mr. Skaggs to assist him on appeal (Docs. 1, 6, 33, 41). Mr. Skaggs mailed Mr. Krivi a letter informing Mr. Krivi that his plea agreement contained "the standard appellate waiver language," and Mr. Skaggs provided a copy of that language to Mr. Krivi (Doc. 41). Mr. Skaggs then met with Mr. Krivi several days later at the Marion County Jail and again informed Mr. Krivi that he had waived his appellate rights (Docs.

---

[2] At the evidentiary hearing on March 11, 2013, the government argued that Mr. Krivi has no claim for ineffective assistance of counsel against Mr. Skaggs because Mr. Krivi represented himself *pro se* and Mr. Skaggs was simply standby counsel. *Peoples v. United States*, 403 F.3d 844, 849 (7th Cir. 2005), *citing Faretta v. California,* 422 U.S. 806, 834 n. 46 (1975) ("One who exercises the right of self-representation cannot contend that he received ineffective assistance of counsel.") During the trial, Mr. Skaggs' role was undoubtedly limited to standby counsel. *United States v. Krivi*, S.D. Ill. Criminal Case No. 07-30143-GPM (Doc. 194). However at Mr. Krivi's request, the Court appointed Mr. Skaggs to represent Mr. Krivi at sentencing. *Id.* at Doc. 195. Mr. Skaggs appeared at the sentencing on behalf of Mr. Krivi and conducted the examination of witnesses. *Id.* at Doc. 193. Therefore, Mr. Skaggs' role at sentencing was elevated above stand-by counsel.

33, 41). There is no evidence that Mr. Krivi actually instructed Mr. Skaggs to file a notice of appeal in spite of the waiver. (*See* Docs. 1, 6, 33, 41). In fact, at the evidentiary hearing on March 11, 2013, Mr. Krivi acknowledged that he never explicitly requested Mr. Skaggs to file a notice of appeal. Since Mr. Krivi never instructed Mr. Skaggs to file a notice of appeal, it is impossible for the Court to find that Mr. Skaggs' performance was deficient for failing to do so. Because Mr. Krivi cannot show Mr. Skaggs' performance was deficient, his claim for ineffective assistance of counsel must fail.

Second, even if Mr. Krivi had actually instructed Mr. Skaggs to file a notice of appeal, his claim for ineffective assistance of counsel would flunk both the performance and prejudice components of the ineffective assistance doctrine. The Seventh Circuit has held that when a client knowingly and voluntarily waives their appellate rights, "the sixth amendment does not require counsel to disregard the waiver," and counsel can refuse to follow the client's instructions to file an appeal. *Nunez v. United States*, 546 F.3d 450, 453, 456 (7th Cir. 2008).

The Court has already given a detailed and exhaustive explanation of the lengths it went to in order to ensure that Mr. Krivi's appellate waiver was knowing and voluntary, and therefore valid and enforceable (*See* Doc. 15). Had Mr. Krivi instructed Mr. Skaggs to file a notice of appeal, Mr. Skaggs' decision to respect the appellate waiver and refusal to file the appeal would have been objectively reasonable, and would not have constituted deficient performance. *Nunez*, 546 F.3d at 453. Mr. Skaggs had a duty to protect Mr. Krivi's interests, which would have been jeopardized if Mr. Skaggs had filed the appeal. *Id.* at 455. The government would have been able to withdraw the concessions it made as part of Mr. Krivi's plea agreement, and the government could have reinstated the dismissed charge or asked the Court to increase Mr. Krivi's existing sentence. *Id.* When deciding whether to honor the client's decision to waive

their appeal rights or follow the client's subsequent instruction to file an appeal, "a lawyer should do what's best for the client, which usually means preserving the benefits of the plea bargain." *Id.* As a lawyer, Mr. Skaggs also has a duty to the judiciary to avoid frivolous litigation. *Id.* Had Mr. Skaggs filed an appeal, he would have breached that duty because "an appeal in the teeth of a valid waiver is frivolous." *Id.*

Additionally, Mr. Krivi would not have suffered any prejudice by Mr. Skaggs refusal to file an appeal because there is no plausible argument that he could have raised on direct appeal. *Nunez*, 546 F.3d at 455–56. Because Mr. Krivi had knowingly and voluntarily waived his appeal rights, the arguments that Mr. Krivi could have advanced on appeal were limited to the following discrete exceptions: that the Court relied on a constitutionally impermissible factor (i.e. the defendant's race); that the sentence exceeded the statutory maximum; or that Mr. Krivi received ineffective assistance of counsel during the negotiation of the plea agreement, which would render the plea agreement invalid (Doc. 15 *citing See Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999)). The Court explained, however, that none of these exceptions applied to Mr. Krivi (Doc. 15). Therefore, Mr. Krivi did not suffer prejudice even if his lawyer should have filed a notice of appeal because had an appeal been filed, it would have been dismissed in short order.

## CONCLUSION

Mr. Krivi's claim for relief pursuant to 28 U.S.C. § 2255 for Mr. Ethan Skaggs' post-sentencing ineffective assistance and failure to file a notice of appeal is **DENIED**. Therefore, pursuant to the Court's previous Order issued on August 23, 2012, Mr. Krivi's entire motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**. This action is **DISMISSED on the merits**, and the Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: March 14, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge