IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN KRIVI, | ) |
| Petitioner/Defendant, | ) |
| vs. | ) CIVIL NO. 10-570-GPM |
| | ) CRIMINAL NO. 07-30143-GPM |
| UNITED STATES OF AMERICA, | ) |
| Respondent/Plaintiff. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner Justin Krivi's Motion for Reconsideration of pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 48). Mr. Krivi seeks reconsideration of the Court's order and judgment denying his § 2255 petition.

Rule 59(e) is applicable to motions filed no later than 28 days after the entry of judgment. FED. R. CIV. P. 59(e). Here, the challenged order and judgment were entered on March 14, 2013 (Docs. 45, 46). Mr. Krivi filed the instant motion for reconsideration on May 20, 2013 (Doc. 48), well past the 28 day deadline for a Rule 59 motion. Since Mr. Krivi's motion was filed more than 28 days after entry of the challenged order and judgment, it "automatically becomes a Rule 60(b) motion." *Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

In the instant motion, Mr. Krivi makes the same arguments that he set forth, and the Court denied, in his § 2255 motion (Doc. 1), his first Rule 59 motion for reconsideration (Doc. 17), and his "Second and Necessary 59(e)" motion for reconsideration (Doc. 20). Rule 60 is not a means for Mr. Krivi to re-litigate the arguments previously made and properly rejected. *Messner v.*

*Calderone*, 447 F. App'x 725, 725 (7th Cir. 2011), *citing Gonzalez v. Crosby*, 545 U.S. 524, 536–38 (2005).

Instead, "[r]elief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Talano*, 273 F.3d at 762, *quoting Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir.1995). Rule 60 permits a court to grant relief based on one of six specific grounds listed in the rule. *Talano*, 273 F.3d at 762; FED. R. CIV. P. 60(b). The request for relief "must be shaped to the specific grounds . . . listed in Rule 60(b)—they cannot be general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).

Mr. Krivi's motion is not based on any of the grounds specified in Rule 60(b). Instead, Krivi suggests the Court made mistakes of law, and he makes clear (again) that he adamantly disagrees with this Court's analysis. However, Rule 60 "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

Because Mr. Krivi's motion fails to state any grounds for relief within the scope of Rule 60(b), his motion for reconsideration (Doc. 48) is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 21, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge