IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUSTIN KRIVI,

      Petitioner/Defendant,

                                                    CIVIL NO.  10-570-DRH

vs.

                                                    CRIMINAL NO.  07-30143-GPM

UNITED STATES OF AMERICA,

      Respondent/Plaintiff.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Background and Introduction

Petitioner Justin Krivi filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C § 2255 (Doc. 1). Krivi raised numerous claims in his motion, including that his February 9, 2009 withdrawal of plea and waiver of counsel was made unintelligently and involuntarily; the Court abused its discretion in allowing the prosecution to approach him at trial; he had ineffective assistance of counsel; he was misadvised by his sentencing counsel as to his right to appeal; and that he was not given an opportunity to defend or represent himself properly (Doc. 1).

On August 23, 2012, the Court entered an order denying in part Krivi's § 2255 motion (Doc. 15). The only claim remaining was that he received ineffective assistance of post-sentencing counsel (Doc. 15). After holding an evidentiary hearing to ascertain the facts related to that claim (Doc. 44), it was also denied by

the Court (Doc. 45). Krivi's § 2255 motion was denied in its entirety and judgment was entered on March 14, 2013 (Doc. 46).

On May 13, 2013[1], petitioner filed a "Notice of Memorandum and Order/Final Judgment Received" (Doc. 47). In the notice, petitioner indicates that he did not receive written notice of the order and final judgment until May 9, 2013. Petitioner also notes that he went to the C.I. Herlong Legal Mail where the staff confirmed petitioner had not received any legal or special mail on or at any time after March 15, 2013. In support of his assertions, petitioner provides a legal mail slip indicating that legal mail was received from this Court on May 9, 2013 (Doc. 47 at 3). The Court's internal records confirm petitioner's assertion. According to a staff note only available for the Court's view, the order and judgment were sent to petitioner on May 7, 2013. There is no indication that the order and judgment were sent at an earlier date.

On May 14, 2013[2], petitioner filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) of the order and judgment dismissing his case (Doc. 48). The Court subsequently denied the motion for reconsideration (Doc. 48). In so-doing, the Court determined that the motion for reconsideration pursuant to Rule 59(e) was untimely and therefore completed the analysis of the reconsideration pursuant to Rule 60.

---

[1] While the docket sheet reflects that the notice was filed on May 17, 2013, the Seventh Circuit recognizes the so-called "prison mailbox" rule, therefore the Court will use May 13, 2013, the date on the notice, as the filing date. *See Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999).
[2] Similarly, pursuant to the mailbox rule, petitioner indicates he mailed the motion for reconsideration on May 14, 2013 and therefore the Court will use that date as the filing date.

On December 2, 2013[3], petitioner filed a "Petition for Writ of Mandamus" and an application to proceed in forma pauperis with the United States Court of Appeals for the Seventh Circuit.  The Court of Appeals construed Krivi's petition as a notice of appeal and transferred the motions back to the District Court.  This case is currently before the Court on the Seventh Circuit's limited remand order from that case, No. 13-3802 (Doc. 88).  In its order, the Seventh Circuit indicates that it construes petitioner's "Notice of Memorandum and Order/Final Judgment Received" as a motion under Federal Rule of Appellate Procedure 4(a)(6) to reopen the time to appeal.  The Circuit Court therefore directed this Court to rule on petitioner's Rule 4(a)(6) motion.  For the following reasons, the Court **GRANTS** petitioner's motion pursuant to Rule 4(a)(6) (Doc. 47).

## II.  Analysis

Federal Rule of Appellate Procedure 4(a) governs the time to appeal in a section 2255 case.  *Rules Governing Section 2255 Cases* 11(b).  *See also United States v. Hayman*, 342 U.S. 205, 209 n.4 (1952).  Pursuant to Rule 4(a), as the United States is a party in this action, petitioner had 60 days after entry of the judgment[4] to file a notice of appeal.  Fed. R. App. P. 4(a)(1)(B)(i).  The time to file an appeal runs for all parties from the entry of the order disposing a number of motions, including a motion to alter or amend the judgment under Rule 59.  Fed.

---

[3] Again, pursuant to the mailbox rule, the Court will use the date indicated in the document, December 2, 2013, as the date it was filed.

[4] Judgment is entered, if a separate document is required, when the judgment is set out in a separate document and it is entered in the civil docket.  Fed. R. Civ. P. 58(c)(2), Fed. R. App. P. 4(a)(7)(A)(ii).

R. App. P. 4(a)(4)(A)(iv). However, a Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."

In this case, petitioner clearly failed to file his notice of appeal within the 60 days required by Rule 4(a). The order and judgment dismissing his case were entered on March 14, 2013. Petitioner did not file his petition for mandamus construed as a notice of appeal until December 2, 2013, well beyond the 60 day period. While petitioner did file a motion for reconsideration pursuant to Rule 59, he also filed this document well outside the 28 day limitation period. Therefore, the time to appeal was not tolled, and the notice of appeal was clearly late.

The Court may, however, reopen the time to file an appeal but only if all the following conditions are satisfied:

>  (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>  (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>  (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). The "rule does not grant a district judge carte blanche to allow untimely appeals to be filed. He must make findings that the conditions prescribed by the rule have been satisfied." *In re Marchiando*, 13 F.3d 1111, 1114 (7th Cir.1994).

The Court concludes that petitioner has met the conditions required by Rule 4(a)(6). Petitioner did not receive notice pursuant to Federal Rule of Civil

Procedure 77(d) within 21 days of entry of the order and judgment dismissing his case.  According to petitioner's notice and the attached exhibit, he received written notice of the order and final judgment on May 9, 2013 (Doc. 47).  The Court's internal procedures support this assertion.  The Court's staff entered a note on May 7, 2013, indicating that the order and judgment were sent to petitioner.  On May 13, 2013, well within the 14-day period required by Rule 4(a)(6)(B), petitioner filed his notice that the Court has been directed to construe as a motion to reopen the time to appeal.

> The Court also finds that no party would be prejudiced by a reopening of the time to appeal.  *See* Fed. R. App. P. 4 advisory committee's note to 1991 amendment ("By 'prejudice' the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal.  Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.")  The Court does not have any reason to believe that the Government acted in reliance on the expiration of the normal time period for filing the notice of appeal.

### III. Conclusion

Accordingly, the Court **GRANTS** petitioner's motion pursuant to Rule 4(a)(6) (Doc. 47).

**IT IS SO ORDERED.**

Signed this 17th day of June, 2014.

Digitally signed by
David R. Herndon
Date: 2014.06.17
12:41:22 -05'00'

**Chief Judge
United States District Court**