IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUSTIN KRIVI,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.                                               No. 10-CV-570-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. INTRODUCTION

Before the Court is petitioner Justin Krivi's motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 98) and motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(4) (Doc. 100). The former reasserts allegations that Mr. Krivi's original but withdrawn plea agreement is binding on the Court. The latter reasserts claims regarding Mr. Krivi's alleged right to counsel at an evidentiary hearing held on March 11, 2013.

For the reasons set forth below, the motions are **DENIED** for lack of jurisdiction.

### II. BACKGROUND

The Court has provided extensive background information on this case in previous orders (*see e.g.* Doc. 15, Doc. 45). Never the less, the Court will repeat the background facts that are pertinent to the issues presently before the Court.

On August 18, 2008, while represented by Attorney Eugene Howard, Mr. Krivi entered into a written plea agreement and pleaded guilty before Magistrate Judge Clifford J. Proud to the charges contained in the indictment against him. *United States v. Krivi,* S.D. Ill. Criminal Case No. 07-30143-GPM (Docs. 51, 75).

Prior to sentencing, however, Mr. Krivi filed a *prose* motion requesting the "Establishment of Truth and Emergency Demand for Relief." *Id.* at Doc. 69. At the sentencing hearing November 17, 2008, Mr. Krivi denied being Justin Krivi and suggested to the Court that he was Justin Wheeler, a sovereign, sui juris American citizen. In an effort to further determine the validity of these statements, the Court recessed the hearing, vacated all previous findings, and informed the parties that the matter would be reset. *Id.* at Doc. 87.

Mr. Howard filed a motion asking the Court to construe Mr. Krivi's previous *pro se* motion as a withdrawal of his guilty plea. *Id* at Doc. 86. Mr. Howard also filed a motion to withdraw. *Id* at Doc. 78. The Court held a hearing and granted both motions on February 9, 2009. At this hearing, the Court determined that Mr. Krivi desired to represent himself at trial and was capable of doing so. *Id.* at Doc. 197. The Court appointed Attorney Ethan Skaggs as standby counsel to assist Mr. Krivi during his trial. *Id.* at Doc. 98.

The jury trial began on May 12, 2009. As per his request, Mr. Krivi represented himself with Mr. Skaggs appearing as standby counsel. On the second day of trial, however, Mr. Krivi requested to change his plea to guilty and the Court then proceeded to conduct a Change of Plea hearing. *Id.* at Doc. 195.

While under oath, Mr. Krivi pled guilty to three of the four charges of the indictment, and agreed to forfeit all property used in any way to commit or facilitate the commission of the offenses. *Id.* at Doc. 195. In exchange for the Government agreeing to dismiss the fourth charge of the indictment, Mr. Krivi waived his right to appeal his sentence, and his right to collaterally attack his sentence. *Id.* at Doc. 195.

The Court accepted Mr. Krivi's limited but open plea agreement, finding it was a knowing and voluntary plea. *Id.* at Doc. 195. Mr. Krivi requested that Mr. Skaggs represent him at sentencing, so the Court appointed Mr. Skaggs as Mr. Krivi's sentencing counsel. *Id.* at Doc. 195. The guideline sentencing range for Mr. Krivi was a minimum of ten years to life in prison. *Id.* at Doc. 195. Mr. Krivi was sentenced on July 27, 2009 to 262 months in the Bureau of Prisons, well below the maximum possible sentence. *Id.* at Doc. 193.

Since his sentencing, Mr. Krivi has filed more than a dozen pleadings with this Court related to his decision to forego the conditions of his original plea agreement and take the risk of proceeding to trial. Mr. Krivi has asserted arguments blaming his counsel, his ignorance of the law, and this Court for his decision to withdraw his original plea agreement. The Court specifically discusses some of these pleadings as well as other pertinent arguments that have previously been asserted by Mr. Kirvi below.

On August 2, 2010, Mr. Krivi filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Doc. 1). In his petition, Mr. Krivi claimed that: his

February 9, 2009 withdrawal of plea and waiver of counsel was made unintelligently and involuntarily; the Court abused its discretion in allowing the prosecution to approach him at trial; he had ineffective assistance of counsel; he was misadvised by his sentencing counsel as to his right to appeal; and that he was not given an opportunity to defend or represent himself properly (Doc. 1). In ruling on the § 2255 motion, the Court found that Mr. Krivi knowingly and voluntarily waived his right to collaterally appeal his sentence under any Title 28 motions, and therefore the claims he brought in his § 2255 motion were barred (Doc. 15). Even though Mr. Krivi's claims were barred, the Court went on to address the merits of each claim (Doc. 15). The Court denied each claim as implausible, meritless, and/or unsupported by the facts with the exception of Mr. Krivi's claim for ineffective assistance of post-sentencing counsel (Doc. 15).

On September 11, 2012, Mr. Krivi filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Mr. Krivi argued the Court committed manifest errors of law and fact by denying his claims pertaining to the withdrawal of his original plea agreement (Doc. 17). This motion was denied on September 18, 2012. Thereafter, Mr. Krivi filed a "Second and Necessary 59(e) motion for reconsideration (Doc. 20). This motion was likewise denied (Doc. 30).

Although an evidentiary hearing was not mandatory, on March 11, 2013, the Court held an evidentiary hearing on the issue of ineffective assistance of post-sentencing counsel to determine the facts of this allegation and the possible relief

available to Mr. Krivi. Mr. Krivi was not represented by counsel at the March 11, 2013 evidentiary hearing. On March 14, 2013, the Court issued an order denying Mr. Krivi's claim of post-sentencing ineffective assistance of counsel and dismissed the action (Doc. 45).

On May 20, 2013, Mr. Krivi filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), seeking review of "manifest errors of law and fact." (Doc. 48). Mr. Krivi made the same arguments he set forth and the Court denied in his § 2255 petition (Doc. 1), his first Rule 59 motion for reconsideration (Doc. 17), and his "Second and Necessary 59(e) motion for reconsideration (Doc. 20). This included arguments related to the dismissed ineffective assistance of counsel claim.  Mr. Krivi, however, did not raise any arguments contending he was improperly denied counsel at the March 11, 2013 hearing. The Court denied Mr. Krivi's motion on November 21, 2013 (Doc. 49).

On December 11, 2013, Mr. Krivi filed a petition for writ of mandamus (Doc. 51). Again, the petition did not make any argument regarding Mr. Krivi's lack of counsel at the March 11, 2013 evidentiary hearing. On December 16, 2013, the Court (construing the petition as a motion for leave to appeal) declined to issue a certificate of appealability and denied Mr. Krivi's related motion for leave to appeal *in forma pauperis* (Doc. 52).

Thereafter, Mr. Krivi filed multiple pleadings seeking review by the Seventh Circuit. The Court specifically notes the pleading filed on December 18, 2013, a portion of which raised allegations pertaining to Mr. Krivi's claims of ineffective

assistance of post-sentencing counsel (Doc. 67). Notably, Mr. Krivi did not allege he was wrongfully denied counsel at the March 11, 2013 evidentiary hearing.

On March 10, 2014, Mr. Krivi filed a motion to vacate judgment in which Mr. Krivi raised a number of previously asserted arguments (Doc. 76). Once again, Mr. Krivi did not raise any arguments claiming he was wrongfully denied counsel at the March 11, 2013 evidentiary hearing. The motion was denied as moot (Doc. 77). On April 11, 2014, Mr. Krivi filed a notice of appeal of the Court's denial (Doc. 80).

On March 13, 2014, Mr. Krivi filed a second motion to vacate judgment (Doc. 78). The Court denied this motion for lack of jurisdiction (Doc. 79).

On October 28, 2014, Mr. Krivi, for the first time, asserted an argument relating to his right to counsel at the March 11, 2013 evidentiary hearing. Mr. Krivi asserted this argument in a memorandum in support of rehearing filed before the Seventh Circuit. *Krivi v. United States,* Case No. 13-3802, Doc. 27 (7th Cir. 2014). The petition for rehearing was denied without opinion. *Krivi v. United States,* Case No. 13-3802, Doc. 28) (7th Cir. 2014). After the Seventh Circuit issued its mandate, Mr. Krivi filed a petition to recall mandate on December 8, 2014, making similar arguments to the present motion. *Krivi v. United States,* Case No. 13-3802, Doc. 30 (7th Cir. 2014). The petition was denied without opinion. *Krivi v. United States,* Case No. 13-3802, Doc. 31 (7th Cir. 2014).

### III.  ANALYSIS

**A.  Motion for Relief Pursuant to 60(b)(6) (Doc. 98)**

In this motion, Mr. Krivi again seeks to advance the theory that Judge Proud's acceptance of his initial plea agreement and guilty plea was binding on the Court, regardless of Judge Murphy's actions at the sentencing hearing, where Mr. Krivi derailed the proceeding by claiming to be someone else.

Mr. Krivi's motion must be dismissed for lack of subject matter jurisdiction. Although styled as a motion for reconsideration, Mr. Krivi's claims fall squarely within the scope of § 2255. Accordingly, the present filing must be treated as a motion under § 2255. *See e.g., Curry v. United States,* 507 F.3d 603, 604 (7th Cir. 2007). This constitutes Mr. Krivi's second collateral attack on his sentence; the court does not have jurisdiction to entertain a successive § 2255 motion absent certification by the Seventh Circuit Court of Appeals. 28 U.S.C. § 2255(h); *United States v. Boyd,* 591 F.3d 953 (7th Cir. 2010). Therefore, Mr. Krivi's motion must be dismissed for lack of subject matter jurisdiction.

**B.  Motion for Relief Pursuant to 60(b)(4) (Doc. 100)**

Mr. Krivi asserts he was entitled to counsel during the March 11, 2013 evidentiary hearing and the absence of counsel violated his due process rights. Accordingly, Mr. Krivi argues, the Court should void its judgment rejecting his ineffective assistance of post-sentencing counsel claim, which would necessarily reopen a portion of the § 2255 petition. The motion must be denied for a number of reasons.

First, Rule 60(b)(4) only provides relief when "judgment is void." Fed. R. Civ. P. 60(b)(4). The Seventh Circuit has instructed courts should only declare a judgment void and grant relief under Rule 60(b)(4) in "exceptional circumstances." *In re Whitney-Forbes, Inc.,* 770 F.2d 692, 696 (7th Cir. 1985). Exceptional circumstances are not present here.

Second, Mr. Krivi argues Rule 8(c) required appointment of counsel for the March 11, 2013 evidentiary hearing. The Court agrees Rule 8(c) requires appointment of counsel for such an evidentiary hearing. However, for the reasons discussed in the government's responsive brief, the Court finds that a violation of Rule 8(c), under the circumstances present here, does not amount to a violation of due process.

Third, even assuming a due process violation occurred here, Mr. Krivi's motion must be dismissed for lack of jurisdiction. As with the previous motion, Mr. Krivi's claims fall within the purview of § 2255. As such, Mr. Krivi's motion must be construed as a second successive post-conviction claim under § 2255. The court does not have jurisdiction to entertain a successive § 2255 motion absent certification by the Seventh Circuit Court of Appeals. 28 U.S.C. § 2255(h); *United States v. Boyd,* 591 F.3d 953 (7th Cir. 2010). Therefore, Mr. Krivi's

motion must be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons discussed herein, defendant's motions are **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Signed this 8th day of June, 2015.

Digitally signed by David R. Herndon
Date: 2015.06.08 16:03:04 -05'00'

**United States District Court**